# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

In re:
**PATRICK T. HYOUSSE,**                     *

     **Debtor.**                      *       **Bankruptcy Case**

                                      *       **Case No.: 17-17095**

_____       *

**PATRICK T. HYOUSSE**                      *
     **Appellant**                       *
**v.**                                      *       **Case No.: 18-00268**
                                        *       **Case No.: 18-00270**

**JP MORGAN CHASE BANK, N.A.,**             *
     **Appellee**                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Appellant Patrick Hyousse filed these appeals from two orders issued by the United States Bankruptcy Court for the District of Maryland: an order dismissing Count I of an adversary proceeding but allowing other counts of the complaint to proceed and an order granting relief from a motion to stay the main bankruptcy case. ECF No. 1. No hearing is necessary. Fed. R. Bankr. P. 8019; *see also* Loc. R. 105.6 (D. Md. 2016). Because the Court finds the appeal to be moot, it will be dismissed.

Appellant Patrick Hyousse owned a rental property located at 4707 Berwyn Road, College Park, Maryland, 20740 ("the Property"). ECF No. 8 at 6. Appellee JP Morgan Chase ("Chase") was the mortgage lender. ECF No. 10 at 9–10. On March 17, 2017, a foreclosure action was filed against the Property in Maryland state court. *Id.* at 10. The Property was sold at a foreclosure auction on April 4, 2017 to Chase. *Id.* at 10. Approximately seven weeks after the

foreclosure sale, and prior to the ratification,[1] Hyousse filed a voluntary Chapter 13 bankruptcy

petition. *Id.* at 11. Filing the bankruptcy petition automatically stayed the foreclosure

proceedings.

On July 31, 2017, Hyousse instituted an adversary proceeding against Chase. Count I of

the complaint requested a declaratory judgment asserting that Hyousse retained an interest in the

Property. ECF No. 5 at 5. Chase filed a Motion for Relief from the automatic stay imposed by

the bankruptcy petition and a Motion to Dismiss the adversary proceedings arguing that Hyousse

had no interest in the Property because the foreclosure was held prior to the filing of bankruptcy,

divesting the mortgagor of his rights to redemption and vesting equitable title in the purchaser.

ECF No. 8 at 13. Because this principle argument supported both of Chase's motions, the

bankruptcy court held a joint hearing on the Motion for Relief from Stay and the Motion to

Dismiss on January 3, 2018. ECF No. 8 at 11.

In defending against both motions, Hyousse argued that equitable title remains with a

debtor post-foreclosure and the debtor can cure under 11 U.S.C. § 1322(c)(1) prior to a

ratification of the sale. 11 U.S.C. § 1322(c)(1) provides that notwithstanding applicable

nonbankruptcy law, a defaulted lien on the debtor's "principal residence" may be cured "until

such residence is sold at a foreclosure sale that is conducted in accordance with applicable

nonbankruptcy law." 11 U.S.C. § 1322(c)(1); ECF No. 5 at 8. Hyousse also relied on *Ocwen*

*Loan Servicing, LLC v. Kameni*, PJM 14-877, 2014 WL 3563658 (D. Md. July 17, 2014), in

which a district court affirmed a bankruptcy court's retroactive extension of the automatic stay,

---

[1] After a foreclosure sale, the lender submits certain documents to the circuit court, including a report of sale. *Scott v. Bierman*, 429 Fed.Appx. 225, 229 (4th Cir. 2011) (citing Md. Rule 14-305(a)). "The circuit court then issues a notice of sale and, if no exceptions to the sale are filed within 30 days, the circuit court 'shall ratify the sale.' " *Id.* (citing Md. Rule 14–305(e)). "A circuit court's ratification of a foreclosure sale certifies that the court viewed the sale as fair, and constitutes a final resolution of the sale." *Id.* (internal citations omitted).

where the Debtor had filed for bankruptcy before a foreclosure sale had taken place, but after the

sale had been scheduled. ECF No. 8 at 26; ECF No. 5 at 34.

Chase asserted that Section 1322(c) was inapplicable because the Property was not

Hyousse's principal residence (it is a rental property) and because it had already been sold at a

foreclosure sale conducted in accordance with nonbankruptcy law. ECF No. 8 at 13. Chase

argued that *Kameni* was inapposite because that case involved a post-petition foreclosure sale,

which was invalid because it occurred in violation of an automatic stay. ECF No. 5 at 7. *Kameni*

also involved "a misstep by the Bankruptcy Clerk's office," in that Debtor Kameni did not

receive an immediate hearing on her emergency motion, as happens typically, and the District

Court reasoned that "it was not her fault that the hearing was not scheduled until after the

foreclosure sale took place." *Ocwen Loan Servicing, LLC v. Kameni*, PJM 14-877, 2014 WL

3563658 (D. Md. July 17, 2014). No such misstep occurred here.

The bankruptcy court agreed with Chase, ECF No. 5 at 81–91, and on January 11, 2018,

it entered an order granting the Motion for Relief from Stay. ECF No. 8 at 11. On January 12,

2018, the bankruptcy court issued an order granting the Motion to Dismiss as to Count I of the

adversary complaint but denying the Motion to Dismiss the four other counts. ECF No. 8 at 16.

On January 25, 2018, Hyousse filed Notices of Appeal as to both orders. Also on January

25, 2018, with the stay lifted, Hyousse filed exceptions to the ratification before the Maryland

state court. ECF No. 10 at 11. The state court entered an order overruling Hyousse's exceptions

to ratification on March 26, 2018. ECF No. 10 at 11. Hyousse filed a motion to alter or amend

the Maryland state court judgment, and the state court denied that motion. *O'Sullivan v Hyousse,*

CAEF16-25629, docket (last visited September 21, 2018). Hyousse then appealed the state

court's ratification order to the Maryland Court of Special Appeals. *Id.* That appeal is pending.
*Id.*

The Court "may dismiss a bankruptcy appeal if it appears that the case has become either constitutionally or equitably moot." *Walker v. Grigsby*, No. CIV.A.AW-06-62, 2006 WL 4877450, at \*2 (Bankr. D. Md. Apr. 11, 2006). Under the doctrine of constitutional mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983). Thus, federal courts must refrain from rendering judgments that would amount to mere "advisory opinions." *See Williams v. Johnson*, 386 F. Supp. 280, 283 (D. Md. 1974) (citing *Muskrat v. United States*, 219 U.S. 346 (1911)). To survive a challenge of mootness, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Society*, 464 U.S. at 70. Accordingly, an appeal must be dismissed as moot when "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

This Court has previously held that an appeal was moot in a situation near-identical to the pending case. *See Enweze v. Bayview Loan Servicing, LLC*, No. BR 15-26859, 2017 WL 530439, at \*2 (D. Md. Feb. 7, 2017). In *Enweze*, a debtor sought to reinstate a stay, which a bankruptcy court lifted because the debtor's home had been sold at a foreclosure proceeding, leading the bankruptcy court to conclude that the property was no longer part of the debtor's assets. *Id.* During the liftstay period, a state court ratified the foreclosure sale, and the debtor

4

simultaneously appealed the bankruptcy court's decision to this Court. *Id.* This Court held that

because it was undisputed that the debtor's property had been sold at a foreclosure sale and that

in the aftermath of the bankruptcy court's decision the sale had been ratified, the bankruptcy

appeal was moot. *Id.*

As in *Enweze,* Hyousse asks this Court to review a constitutionally moot issue. In

defending against both Chase's Motion to Dismiss Count I and its Motion for Relief from Stay,

Hyousse relied on one key fact: the foreclosure sale had not yet been ratified. Hyousse's brief to

this Court relies on that same fact. ECF No. 8 at 11 ("No ratification has occurred."). In that

context, Hyousse argues that the bankruptcy court erred in lifting the automatic stay because a

debtor's rights to a property extend until ratification, meaning it remained an asset of the estate

and Chase remained adequately protected under 11 U.S.C. § 362(d)(1)–2. ECF No. 8 at 23.

Similarly, Hyousse claims the bankruptcy court erred in dismissing Count I of the adversary

complaint because no ratification had occurred, and under 11 U.S.C. § 1322(c)(1) a defaulted

lien on the debtor's "principal residence" may be cured "until such residence is sold at a

foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C.

§ 1322(c)(1). In Hyousse's view, therefore, until ratification occurs, a foreclosure sale cannot be

deemed to have been "conducted in accordance with applicable nonbankruptcy law." *Id.*

However, the facts have now changed such that it would be impossible for this Court to

grant any effectual relief. ECF No. 18 at 12–13; *See In re March*, 988 F.2d 498, 499 (4th Cir.

1993) (citing *In re Sullivan Central Plaza, I, Ltd.,* 914 F.2d 731, 733 (5th Cir. 1990) ("If the

debtor fails to obtain a stay, and if the property is sold in the interim, the district court will

ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); *In re Lashley,*

825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a

bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal.")). Specifically, the Maryland state court has now ratified the foreclosure sale. ECF No. 18 at 12–13. Even if this Court were to find that a debtor retains equitable interest in a property prior to ratification, it is now undisputed that ratification has since occurred, meaning such a finding would have no effect on the legal relationship between the two parties here. In other words, both parties now agree that the Maryland court has already held that the Property was sold at a foreclosure sale conducted in accordance with applicable nonbankruptcy law. Thus, the dispute that once existed—whether a debtor retains the ability to cure prior to ratification but after a foreclosure sale—is no longer live.

Hyousse's argument that the dispute is live because he has separately appealed the state court ratification is without merit. ECF No. 18 at 13. First, "[t]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." *Manigan v. Burson*, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004) (citation omitted). Even though the ratification order is on appeal in Maryland, the order functions as a final judgment and treating it otherwise would contradict *res judicata* principles. Additionally, to the extent that that Hyousse argues that the Maryland court incorrectly ratified the sale, "federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts." *Sanders v. Cohn, Goldberg, & Deutsch, LLC*, Civil Action No. DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016).

Finally, while it is true that the facts may change again—for example, the Maryland court of appeals could reverse the ratification order—that does not transform the current appeal into a

live dispute. It merely indicates, as is often the case, that the dispute may again ripen. Because the bankruptcy court's order dismissing Count I of Hyousse's adversary proceeding was not a final order disposing of all counts, but instead a dismissal of only one count, if the facts do change, Hyousse will then have an opportunity to present those changed facts to the bankruptcy court.

For the foregoing reasons, the appeal is dismissed as moot. A separate Order shall issue.

Date: September    25, 2018                          _____/s/_____
                                                     GEORGE J. HAZEL
                                                     United States District Judge